UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

    Plaintiff,

    v.                                        CAUSE NO. 3:22-CV-339-RLM-MGG

JOHN GALIPEAU, et al.,

    Defendants.

OPINION AND ORDER

Christopher Stanton, a prisoner without a lawyer, was ordered to show cause why he hadn't paid the initial partial filing fee as ordered by the court. In view of his responses, the case will proceed to screening. Mr. Stanton remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b).

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Stanton is proceeding without counsel, the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Stanton moves to supplement his complaint with additional documentation. In the interest of justice, the court grants this motion.

According to the complaint and attachments, Mr. Stanton was involved in an March 2022 incident in which Sergeants Bryan Hogan and Ishmael Gipson allegedly punched him in the back of the head and shocked him with a taser. Mr. Stanton claims that their actions were unjustified and that Warden John Galipeau has turned a blind eye to a "pattern of guard brutality" at Westville Correctional Facility. He seeks $12 million in damages and various forms of injunctive relief.

The complaint includes allegations and exhibits related to Mr. Stanton's exhaustion of the prison's grievance process. They reflect that he filed a grievance about this incident on March 28 (all dates are in 2022), to which the grievance officer responded on April 21. Mr. Stanton was dissatisfied with the response and appealed it on April 22. As of the filing of the complaint on April 26, his grievance appeal was still pending. Documentation he recently submitted reflects that his grievance appeal was denied on June 21.

Prisoners can't bring suit in federal court about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Courts take a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Prisoners must exhaust administrative remedies before filing suit; "a sue first, exhaust later approach is not

2

acceptable." Chambers v. Sood, 956 F.3d 979, 984 (7th Cir. 2020). There is no futility exception to the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741, n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." Dole v. Chandler, 438 F.3d at 808. "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Id.* at 809.

Lack of exhaustion ordinarily is an affirmative defense that a defendant must plead and prove. Jones v. Bock, 549 U.S. 199, 216 (2007). However, a plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." Early v. Bankers Life and Cas. Co., 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if he alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015). That's what this case is. The complaint and attachments clearly establish that Mr. Stanton didn't complete the grievance process in accordance with 42 U.S.C. § 1997e(a) before filing this lawsuit.

Mr. Stanton's complaint says that in his view the prison will often "slow roll" grievance responses in hopes that "the offender will get tired," so he decided to "press[] it to the max" by filing this lawsuit even though the grievance process wasn't complete. (ECF 2 at 4.) He filed this lawsuit a mere four days after filing his grievance

3

appeal, which can't be considered an inordinate amount of time for the prison to process and decide a grievance appeal. But regardless, the court doesn't have authority to excuse the lack of exhaustion based on Mr. Stanton's subjective belief that the process might take too long. "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999).

In the usual course, courts afford a litigant an opportunity to cure his defective pleadings before dismissing the case. Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1024-1025 (7th Cir. 2013). But courts aren't required to grant leave to amend when doing so would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). This record gives no reason to think that if given another opportunity, Mr. Stanton could plead around the exhaustion problem in light of the allegations he made under penalty of perjury and the documentation he submitted showing that his grievance appeal was still pending when he filed the complaint. (*See* ECF 2 at 4.) Permitting him an opportunity to amend would be futile, but because the case is being dismissed without prejudice, he isn't precluded from refiling this lawsuit if he chooses, subject to the usual constraints of the Prison Litigation Reform Act. *See* Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissals for lack of exhaustion are without prejudice); *see also* Gakuba v. Pannier, No. 21-1961, 2022 WL 1768843, at *2 (7th Cir. June 1, 2022) ("A

4

premature suit must be dismissed without prejudice, and a prisoner must file a new suit after he has fully exhausted administrative remedies.").

For these reasons, the court:

(1) GRANTS the plaintiff's motion to supplement the complaint (ECF 6);

(2) DISMISSES this case WITHOUT PREJUDICE under 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted due to the plaintiff's lack of exhaustion of administrative remedies before filing suit; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 31, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT